IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTONIO BURRELL,

    Petitioner,

v.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:17-cv-659
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On April 16, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 9.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation.* (ECF No. 14.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims that the evidence is constitutionally insufficient to sustain his conviction on aggravated murder and that he was denied a fair trial based on improper jury instructions. Petitioner asserts that the prosecution was relieved of its burden of proving all of the elements of the charge against him based on improper jury instructions and argues that these errors constitute structural defects and raise colorable issues regarding his actual innocence. (*Objection*, ECF No. 14, PAGEID # 547.)

The Court disagrees. As the Magistrate Judge explained, Petitioner waived his claim regarding an error in jury instructions by failing to object. Moreover, the record does not reflect that the state appellate court unreasonably concluded that the evidence is constitutionally sufficient to sustain Petitioner's conviction. *See Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir.

2009), *cert. denied*, 558 U.S. 1114 (2010); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The record likewise fails to reflect that Petitioner can establish a credible claim of actual innocence that will excuse his procedural default. *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (holding that a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial")

For the reasons set forth above, Petitioner's *Objection* (ECF No. 14) is **OVERRULED**, the *Report and Recommendation* (ECF No. 9) is **ADOPTED** and **AFFIRMED**, and this action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Applied here, the Court is not persuaded that reasonable jurists would debate this Court's denial of Petitioner's claims as procedurally defaulted and without merit. The Court therefore **DECLINES** to issue a certificate of appealability. In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

**DATED: June 29, 2018**               s/Algenon L. Marbley
                                       **ALGENON L. MARBLEY**
                                       **UNITED STATES DISTRICT COURT**